**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

David J. Scott,
    Plaintiff,

-vs-

Daniel Burress, Brian
Lanam, Thomas Cremonte,
Berry Getzen, Thomas
Oldham, James Corona,
and Daryl Cobb,
    Defendants.

Case: 2:09-cv-10916
Judge: Cook, Julian Abele
MJ: Majzoub, Mona K
Filed: 03-11-2009 At 04:28 PM
IFP SCOTT V. BURRESS ET AL (JTC)

CIVIL COMPLAINT
with a Jury Demand

This is a civil rights action filed by David J. Scott, in propria persona, seeking damages under 42 USC 1983, alleging retaliation for exercising protected rights and conspiracy to violate Plaintiff's civil rights. Plaintiff seeks a trial by jury.

_Jurisdiction and Venue_

1. This court has jurisdiction over this matter pursuant to 42 USC 1331 and 1342 and the First Amendment to the

invokes the supplemental jurisdiction of the Court for any state law claims as raised by the Plaintiff.

2. Venue is proper in this district under 42 USC 1391(e).

Parties

3. Plaintiff incorporates by reference paragraphs 1 through 2 above.

4. At all times pertinent to this complaint David J. Scott was a state prisoner in custody of the Michigan Department of Corrections.

5. At all times pertinent to this complaint Defendant Daniel A. Burress, retired circuit court judge, was a resident of Livingston county; Defendant Erica Bowen was a practicing attorney at law in the county of Livingston; Defendant Thomas Cremonte was employed with the Livingston County Sheriff's Department holding the rank of lieutenant; Defendant Thomas DeCerce was employed with the Michigan State Police holding the rank of detective sergeant; Defendant Barry Jackson was employed with the Michigan State Police holding the rank of major; Defendant Tom Cusano was employed with the Michigan

Lieutenant: Defendant Dittrich was was employed with the Michigan Department of Corrections, as an agent in the Parole division of the Department.

General Allegations:

6. Plaintiff incorporates by reference paragraphs 1 through 5 above.

7. Plaintiff was incarcerated with the Michigan Department of Corrections from approximately January 20, 1987 to approximately July 14, 2005, at which time he was released.

8. That on or about July 18, 2005, Plaintiff was granted a parole by the Michigan Parole Board, and was scheduled to be released from custody of the Michigan Department of Corrections on or about August 16, 2006.

9. On or about January 4, 2005, Defendant Burgess, through counsel, was subpoenaed by Plaintiff for the taking of his deposition in connection with Scott v. Reid, in the Eastern District Court for the Eastern District of Michigan, File No. 1:05 cv-571.

10. That in a letter dated August 5,

Defendants in conjunction with each other submitted and caused to be submitted by fax transmission to the Michigan Parole Board in August 7, 2008, Defendant Granucci, referring to Plaintiff, wrote in pertinent part:

> It is the collective opinion of many in law enforcement, the prosecution of Helen and the judiciary that Scott poses a legitimate danger to persons in our community. More specifically, Scott has expressed through words and deeds his intent to kill Brighton Attorney, Bria Luca; and recently retired Circuit Court Judge Daniel Burress, as well as others that he believes played a role in his prosecution.

> About a year earlier the FBI notified us that Scott had threatened Elizabeth Hill Attorney Lawton. As recently as four months ago, we received forwarded information from prison that Scott has also threatened

11. The aforesaid accusations so written and spoken by Defendant Granholm were and are wholly false, untrue and slanderous.

12. That by those accusations, Defendant Granholm meant and was understood to mean that Plaintiff engaged in criminal acts of extortion for monies.

13. The defendants, acting jointly and individually, perpetrated said false, malicious and slanderous accusations by design, scheme, and plan, among other things, to subject Plaintiff to oppressive, harsh and unfair treatment and to unduly prolong his imprisonment in reaction to Plaintiff seeking to oppose Defendant Burgess undercutting by suspending Defendant from the taking of said deposition and efforts by Plaintiff to the cause of Plaintiff petitioning the government for redress.

14. On numerous occasions subsequent to the submission of said letter to the Michigan Parole Board at meetings of the Parole Board, Defendants, in the presence and hearing of other offenders, have

slanderous accusations of Merritt's assumed acts of solicitation to murder.

15. By reason of the acts of Defendants in and about the writing and publishing of said false, malicious and slanderous accusations and statements, the Merritt was exposed to public contempt, ridicule and hatred and by such was receiving the Michigan Parole Board on or about August 16, 2005.

16. The Defendants knew such accusations to be false and same were made maliciously and purposefully with the specific intent to wrongfully cause the revocation of the Merritt's parole and to further cause Merritt's other undue pain, misery and hardship.

17. The Defendants had no probable cause what soever to so have Merritt guilty of any crime and particularly the offense of solicitation to murder.

COUNT 1
Retaliation

18. Merritt incorporates by reference paragraphs 1 thru 17 above

Petition the government for redress under the First Amendment of the United States Constitution, US Const. amend I.

20. The right extended to the government of Michigan under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, U.S. Const. amend. XIV.

21. Plaintiff exercised his First Amendment rights by subpoenaing Defendant Bauer for the taking of his deposition in connection with an I.D. action filed, to wit, Doe v. Bauer et al.

22. Defendants made and published false accusations of Plaintiff engaging in criminal activity because Plaintiff filed and pursued civil litigation exercising his First Amendment right to petition the government for redress.

23. Defendants knowingly, intentionally, and willfully with total disregard for Plaintiff's constitutional rights made and published false accusations of Plaintiff engaging in criminal activity to harm the Plaintiff.

24. Defendants Bauer, Cooney,

acting under color of state law, then attempted to deprive Plaintiff of his constitutional right to petition the government for redress, retaliated against Plaintiff for exercising that right and took further action against the Plaintiff.

25. As a result of Defendants' illegal conduct, as set forth above, Plaintiff suffered damages including fear, anxiety, interference with his exercise of constitutional rights and privileges and of liberty, and of the enjoyment and pursuit of happiness.

Count II
Conspiracy

26. Plaintiff incorporates by reference paragraphs 1 through 25 above.

27. The actions of Defendants as set forth above were illegal and violations of Plaintiff's rights to petition the government for redress under the First Amendment, the denial of his constitutional rights, etc.

Count I.

28. Defendants conspired with each other to injure Plaintiff by forcing Plaintiff by knowingly making and publishing, and causing to make and publish false assertions,

as otherwise alleged above.

29. Defendants agreed with each other [illegible] to [illegible] plaintiff by [illegible] actions of [illegible] above.

30. As a result of the conspiracy and the [illegible] wrongful [illegible] acts, Plaintiff sustained damages including fear, anxiety, interference with his exercise of constitutional rights and prolonged loss of liberty.

### Count III
### Slander - Defamation

31. Plaintiff incorporates by reference paragraphs 1 through 30 above.

32. That the defts. did knowingly making and publishing of said false, [illegible] and [illegible] attaching and [illegible] [illegible] the [illegible] of defamation of character and slander under [illegible].

33. As a result of being defamed and slandered, Plaintiff sustained damages including fear, anxiety, and prolonged loss of liberty.

WHEREFORE, Plaintiff seeks judgment for compensating and punitive damages against Defendants Burns, [illegible] [illegible],

Severally in whatever amount Plaintiff is entitled.

Respectfully Submitted,

[signature]

Plaintiff Title: Pro
Livingston [illegible]
150 S. Highlander Way
Howell MI 48843

Dated: January 1, 2009

VERIFICATION

I, Owen J. Scott, declare under penalty of perjury under the foregoing complaint and verify that the facts set forth therein are true and correct to the best of my present knowledge.

[signature]
Owen J. Scott

Dated: January 1, 2009

January 1, 2009

David Scott
Livingston County Jail
150 S. Highlander Way
Howell, MI 48843

Clerk of the Court
United States District Court
231 W. Lafayette Blvd.
Detroit, MI 48226

Re: David D. Scott v. Denver Baxter
    Related Action

Dear Clerk,

    Enclosed for filing please find the following:
- Civil complaint
- Application for TRO

    Please take note that this action was initially filed on September 1, 2006 and assigned to Judge Arthur J. Tarnow, Docket No. 06-13916.

                  Sincerely,

                  David Scott

This is a request for the court to have the U.S. Marshal Re-serve the summons and complaint. Attached is a list of the attorneys of record under file No. 2:06-cv-13916.

David Scott

Attorneys

Staren M. Cabades
MI Attorney General          representing          Jamie Corona
P.O. Box 30736                                      Betty Getzen
Lansing, MI 48909                                   Thomas DeCosta
517 373 6434

Christina M. Campbell
MI Attorney General
P.O. Box 30217               representing          Ocoyo Cobb
Lansing MI 48909
517 335-7001

Steven M. Dodge
8550 W. Grand River          representing          Brian Lesdan
Brighton MI 48116
810 227 1500

Timothy P. MacDonald
P.O. Box 535                 representing          Brian Getzen
Howell MI 48844
517 545 4529

T. Joseph Seward            representing  Daniel Burress
Cummings, McCarry                          Thomas Cramonte
33900 Schoolcraft Suite G-1
Livonia, MI 48150-1352
734-261-2400

**JS 44**
**(REV. 12/96)**

# CIVIL COVER SHEET

**COUNTY IN WHICH ACTION AROSE** Livingston County ✓

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Livingston County David Scott

**DEFENDANTS**
Livingston County, Daniel Burress, Brian Lavan, Thomas Cremonte

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** — Livingston County
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** — Livingston County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**ATTORNEYS** (IF KNOWN)

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## VI. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☒ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

Retaliation exercising Protected Right

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):
**JUDGE** Arthur Tarnow   **DOCKET NUMBER** 06-13916

**DATE**

**SIGNATURE OF ATTORNEY OF RECORD**
Kimberly Hutchens

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously discontinued or dismissed?   ☒ YES  ☐ NO  ✓

    If yes, give the following information:

    Court: U.S District Court Eastern District

    Case No.: 06-13916

    Judge: Arthur Tarnow

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ YES  ☒ NO  ✓

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

**NOTES:**

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 09-10916 | Judge: Cook | Magistrate Judge: Majzoub |
|---|---|---|

| Name of 1st Listed Plaintiff/Petitioner:<br>David Scott | Name of 1st Listed Defendant/Respondent:<br>Thomas Cremonte |
|---|---|
| **Inmate Number:** 9115 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:**<br>David Scott #9115<br>Livingston County Jail<br>150 Highlander Way<br>Howell, MI 48843 | |
| **Correctional Facility:** | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   - ☐ Yes    ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   - ☐ Yes    ☐ No
   - ➢ If yes, give the following information:
     - Court: United States District Court Eastern District of Michigan
     - Case No: 06-13916
     - Judge: Arthur J. Tarnow