**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT MICHIGAN

DAVID J. SCOTT
        Plaintiff,

-vs-

DANIEL A. BURRES, et al
        Defendants

Case:2:09-cv-10916
Judge: Cook, Julian Abele
MJ: Majzoub, Mona K
Filed: 03-11-2009 At 04:28 PM
IFP SCOTT V. BURRESS ET AL (JTC)

FIRST SET OF INTERROGATORIES
FOR DEFENDANT ~~DANIEL~~ BURRESS

In reference to the above-captioned case this is the first set of interrogatories submitted to you under the Federal Rules of Civil Procedure. Under these rules you are answer in writing each of the following questions within 30 days of receiving these interrogatories and after signing under penalty of perjury that the information you provide is true return same to me at the Livingston County Jail, 150 S. Highlander way, Howell, michigan 48843.

1. When did the Plaintiff's name first become known to you?

    a) Outside judicial proceedings, has there ever been a communication between you and attorney James Fainberg in which Plaintiff's name was mentioned and/or reference made to the Plaintiff?

    b) If answer to 1(a) above is yes give the date(s) or approximate date(s) such communication(s) took place and describe what was discussed.

    c) Has there ever been communication(s) between you and anyone connected with the Michigan Attorney General's office in which Plaintiff's name was mentioned and/or reference made to Plaintiff?

2.

d) If answer to 1(c) above is yes give the date(s) or approximate date(s) such communications took place, identify the persons involved in the communications and describe what was discussed

e) Prior to 12/12/07 was there ever a communications between you and Judge Susan Geddes, in which Plantiff's name was mentioned or reference to Plantiff made?

f) If answer to 1(e) above is yes give the date(s) or approximate date(s) such communications took place and describe what was discussed.

g) Has there ever been a communication between you and anyone employed with or connected to the Michigan Department of Corrections in which Plantiff's name was mentioned and/or reference to Plantiff made?

3-

h) If answer to 1(g) above is yes give the date(s) or approximate date(s) such communication(s) took place identify the person(s) involved in the communication(s) and describe what was discussed.

i) Prior to 12/12/07 was there ever communication(s) between you and Judge David Reeder in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

j) If answer to 1(i) above is yes given the date(s) or approximate date(s) such communication(s) took place, and describe what was discussed.

-7-

K) Prior to 12/12/07 was there ever a communication between you and Judge Carolyn Sue Reeder in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

L) If answer to (K) above is yes give the date(s) or approximate date(s) such communication took place and describe what was discussed.

M) Prior to 12/12/07 was there ever a communication between you and Judge Susan Geddes in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

N) If answer to (M) above is yes give the date(s) or approximate date(s) such communication took place and describe what was discussed

-5-

o) Prior to 1/1/12/07 was there ever communications between you and Judge Teresa Brennan in which Plaintiffs name was mentioned and/or reference to Plaintiff made?

P) If answer to 1(o) above is yes give the date(s) or approximate date(s) such communications took place and describe what was discussed.

q) Was there ever a communication between you and the late Judge David Gee in which the Plaintiff's name was mentioned and/or reference to Plaintiff made?

r) If answer to 1(q) above is yes give the date(s) or approximate date(s) such communications took place and describe what was discussed.

5) Prior to 12/12/07 was there ever a communications between you and Judge Stanley Latreille in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

t) If answer to question 1(5) above is yes give the date(s) such communication(s) to place and what was discussed.

u) Prior to 12/12/07 was there ever communications between you and Judge William Collette in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

v) If answer to 1(u) above is yes give the date(s) or approximate date(s) such communication(s) took place and describe what was discussed

7

w) Was there ever communication(s) between you and Judge Peter Houk in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

x) If answer to 1(w) above is yes give the date(s) or approximate date(s) such communication(s) took place and describe what was discussed.

z) Has there ever been communication(s) between you and Judge Joyce Draganchuk in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

aa) If answer to 1(z) above is yes give the date(s) or approximate date(s) such communication(s) took place and describe what was discussed.

- 8 -

bb) Has there ever been a communications between you and Judge Silby Gerbrecht in which Plantiff's name was mentioned and/or reference to Plantiff made?

cc) If answer to 1(bb) above is yes give the date(s) such communications took place and describe what was discussed

dd) Has there ever been communications between you and anyone connected to the State Court Administratwis office (SCAO) in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

ee) If answer to 1(dd) is yes, give the date(s) such communication(s) took place, identify the person(s) involved in the communication and describe what was discussed.

ff) Other than in connection with the letter to Barry Getzen by Thomas Cremonte dated August 5, 2005, has there ever been a communication(s) between you and anyone connected to the Michigan State Police in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

gg) If answer to question 1(ff) above is yes, given the dates such communication(s) took place, identity the person(s) involved in the communication(s) and describe what was discussed.

hh) Has there ever been a communication(s) between you and Detective Bollings (currently with the Livingston County Sheriff's Department) in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

ii) Outside judicial proceedings and other than detective Bollins, has there ever been communication(s) between you and anyone connected with the Livingston County sheriff's Department in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

jj) If answer to question 1(ii) above is yes, give the dates of such communications, identify the persons involved in the communications and describe what was discussed.

kk) Outside of judicial proceedings has there ever been communication(s) between you and anyone connected to the Livingston County Prosecutor's office in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

ll) If answer to ll(k) above is yes given the dates of such communication(s) identify the person(s) involved in the communication(s) and describe what was discussed.

mm) Has there ever been communication(s) between you and Frank Delvero in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

nn) If answer to (mm) above is yes given the date(s) or approximate date(s) such communication(s) both place and describe what was discussed

oo) Has there ever been communication(s) between you and Brian Loren in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

pp) If answer to 1(oo) above is yes given the date(s) such communication(s) took place and describe what was discussed.

qq) Has there ever been communication(s) between you and James Pasanski in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

rr) If answer to question 1(qq) is yes, given the date(s) such communication(s) took place and describe what was discussed.

ss) Subsequent to 12/11/07 has there been communication(s) between you and Tonya Geddes in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

12.

tt) If answer to question (ss) above is yes, give the date(s) such communication(s) took place and describe what was discussed.

uu) Subsequent to 12/11/07 has there been communication(s) between you and Judge Deborah Reeder in which plaintiff's name was mentioned and/or reference to plaintiff made?

vv) If answer to (uu) above is yes give the date(s) such communication(s) took place and describe what was discussed.

ww) Subsequent to 12/11/07 has there been communication(s) between you and Judge Lotrella in which plaintiff's name was mentioned and/or reference made to plaintiff?

13

(x) If answer to 1(ww) is yes give the dates of such communication(s) and describe what was discussed.

yy) Subsequent to 12/11/07 has there been communications between you and Judge Collette in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

zz) If answer to 1(yy) above is yes give the date(s) of such communication(s) and describe what was discussed.

aaa) Subsequent to 12/11/07 has there been communication between you and Judge Carolyn Sue Reader in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

bbb) Subsequent to 12/11/07 has there been communication(s) between you and Judge Geddes in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

ccc) If answer to 1(bbb) above is yes given the date(s) such communication(s) took place and describe what was discussed.

ddd) Subsequent to 12/11/07 has there been communication(s) between you and Judge Teresa Brennan in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

eee) If answer to 1(ddd) above is yes give the date(s) or approximate dates such communication(s) took place and describe what was discussed.

-15-

fff) Has there ever been communication(s) between you and George Latveras in which Plaintiff's name was made and/or reference to Plaintiff made?

ggg) If answer to 1(fff) above is yes give the date(s) or approximate date(s), such communication(s) took place and describe what was discussed.

hhh) Has there ever been communication(s) between you and Maureen Latveras in which Plaintiff's name was mentioned and/or reference to Plaintiff made?

iii) If answer to 1(hhh) above is yes give the date(s) or approximate date(s) such communication(s) took place and describe what was discussed.

-16-

2. What is the date or approximate date the letter from Thomas Cremonte to Barry Getzen dated August 5, 2005 was first discussed between you and Thomas Cremonte?

a) As referenced in the letter identify by name who in the prosecutor's office is of the opinion that Plaintiff poses a danger to you and/or other persons.

b) As referenced in the letter describe specifically what Plaintiff has said and done that "expressed" his alleged intent to "kill" you.

c) As referenced in the letter, identify by name the other people Plaintiff intends to "kill."

17.

d) Identify by name the FBI personnel referenced in the letter.

e) As referenced in the letter, identify by name the "2 subjects" Plaintiff allegedly tried to hire to kill Brian Lovan.

f) Identify by name the "informant" who "forwarded information from prison that Scott had told others of his intent to kill both Lovan and "you"

h) As referenced in the letter, identify by name the other people Plaintiff told of his illegal intent to "kill both Lovan and "you.

i) As referenced in the letter, give the date or approximate date that the "informant forwarded information from prison" regarding Plantiff allegedly telling others of an intent to kill Lacey and you.

j) As referenced in the letter, identify by name the people Plantiff allegedly used "to collect on old drug debts."

k) As referenced in the letter, identify by name all those in the "judiciary" who are of the opinion Plantiff poses a danger to you and/or other persons.

L) As referenced in the letter, identify by name the people that were interviewed but afraid of Plaintiff.

M) Did you assist (remark) in any way in preparing the August 5th 2005 letter?

N) If answer to 2(m) above is yes describe the assistance you provided.

3. Identify by name the person(s) who first informed you of Plaintiff's alleged intent to harm you.

4. Was there ever a determination made as to the validity of the accusation(s) of Plaintiff's alleged intent to harm you?

-20-

4) If answer to 4(c) is yes, describe what the determination was and how it was made.

5. What steps have you taken to protect yourself from Plaintiff's illegal intent to harm you?

a) Have you sought a personal Protection Order (PPO)?

b) If answer to 5(a) above is no, explain why you haven't sought a PPO.

c) Have you told people that you had a surveillance system installed at your home to protect yourself against Plaintiff?

21

d) If answer to 5(c) above is yes, identify by name as best you can all persons you have told this to.

e) Did you tell attorney Bert Bauman that you installed a surveillance system to protect yourself against Plaintiff?

6. Did the allegation of Plaintiff intending to harm you arise at or around the same time you received notice of the Subpoena in the case of Scott v Bair?

a) Did the allegation of Plaintiff intending to harm you first arise after you received notice of the Subpoena in Scott v Bair?

-22-

6) Give the date or approximate date that the allegation of Plaintiff intending to harm you first arose.

7. Did you express being upset to anyone over being served the Subpoena in Scott & Bell?

a) If answer to 7 above is yes identify by name as best you can all people you expressed being upset over being served said subpoena.

8. Have you expressed being upset to anyone about being named as a defendant in this instant lawsuit?

a)

-23-

a) If answer to 8 above is yes identify by name as best you can all persons you expressed being upset over being named a defendant in the instant lawsuit

b) Prior to 12/4/07, was there ever a communication between you and Judge Brennan in which the instant lawsuit was mentioned?

c) Subsequent to 12/10/07 has there been any communication between you and Judge Brennan in which the instant lawsuit was mentioned?

9. Prior to 12/4/07 were you aware of the the law enforcement activity that led to the criminal charges Plaintiff currently faces?

24

a) If answer to 9 above is yes, given the date or approximate date you first became aware of such activity

b) Prior to 12/11/07 was there communication(s) between you and any other person(s) in which the law enforcement activity that led to the criminal charges Plaintiff currently faces was mentioned or referenced?

c) If answer to 9(b) above is yes Identify by name as best you can all person(s) involved in such communications.

25-

d) Prior to 12/11/07 was there discussion between you and any law enforcement personnel relevant in any way to the criminal charges Plaintiff currently faces?

10. Do you possess or are you aware of any written, recorded or any other tangible evidence that supports allegation(s) of Plaintiff intending to harm you.

c) If answer to 10 above is yes describe such evidence.

11) Are you aware of Plaintiff being at your home between July and October 2006?

26

a) If answer to 11 above is yes, describe what if any action(s) you took or attempted to take against Plaintiff.

12. During a proceeding December 5, 1986 you made reference on the record to an attorney in Chicago. (See excerpt of transcript Exhibit-1). Identify by name the source by which you learned about the attorney in Chicago.

a) Did you learn about the attorney in Chicago as referenced during the December 5, 1986 proceeding directly and/or indirectly from Maureen Lotvenas?

-27-

b) Did you learn about the attorney in chicago as referenced during the December 5, 1986 proceedings directly and/or indirectly from George Lotvenas?

c) Is your knowledge about the Chicago attorney as referenced during said 12/5/86 proceeding in any way associated with a criminal investigation against Judge Michael Merrett and/or a county wide investigation conducted in 1986?

d) Is Plaintiff's inquiry into the source of your knowledge, about the Chicago attorney in any way associated with orders disqualifying yourself from hearing matters pertaining to Plaintiff? (See order attached as Exhibit-2)

28

e) Is Plaintiff's inquiry into the source of your knowledge about the Chicago attorney as referenced during said 12/5/86 proceedings in any way associated with a State Court filing restriction placed on the Plaintiff by Judge Collette? (see order attached as Exhibit 3)

f) Is Plaintiff's inquiry into the source of your knowledge about the Chicago attorney as referenced during said 12/5/86 proceeding in any way associated with allegations of Plaintiff intending to harm you?

By my signature below I declare under penalty of perjury that my answers as set forth above are true.

Dated: _____   _____ Daniel A. Burress

-29-

IN THE CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

PEOPLE OF THE STATE OF MICHIGAN,

V.

DAVID JAMES SCOTT,

          Defendant.

No. 84-3993-FH
    84-4069-FH
    84-4070-FH
    84-4071-FH

_____/

MOTIONS

BEFORE THE HONORABLE DANIEL A. BURRESS, CIRCUIT JUDGE

Howell, Michigan - Friday, December 5, 1986

APPEARANCES:

For the People:      MR. ROBERT T. DETWEILER (P25494)

For the Defendant:    MR. JAMES L. FEINBERG (P13341)

RECEIVED

MAY 1 4 1987

State Appellate Defender Office

REPORTED BY:    PEG L. GOODRICH, CER-0258, RPR-CM
                Certified Court Reporter
                618 E. Garrison Road
                Owosso, Michigan    48867
                517/725-6616

14-4

EXHIBIT-1

...ng some disagreement. Disagreements to the point that he had sought out other legal advice and counsel. Unbeknownst to me, which is his right, he attempted to pursue possible other avenues of resolution. We had disagreements about that. I don't have the exact date. I am not sure that it was before or after the January of 1986 order to remand all three of the cases back from preliminary examination but there was another attorney contacted in another state.

THE COURT: Before you go into that, let me just establish something on the agreement. I take it that the agreement that you were negotiating was never put in writing and never put on the record.

MR. FEINBERG: It was -- well, it couldn't be put on the record because we hadn't gotten to the point of offering it to the Court but I know the prosecution will stand up and admit --

THE COURT: That's not my point.

MR. FEINBERG: And it was in fact a firm offer that we relied on.

THE COURT: That's not my point. My point is, was it in writing?

MR. FEINBERG: I have never seen it in writing.

THE COURT: And was it on the record?

MR. FEINBERG: It was not part of putting it on

the record.

2        THE COURT: That's all I wanted to establish.

3    Go ahead.

4        MR. FEINBERG: Okay. The defense --

5        THE COURT: There was other counsel you were

6    looking at in Chicago.

7        MR. FEINBERG: Well, not looking at. He called

8    me and indicated that Dave Scott had gone to him and was

9    very angry at me, very, very hostile, accusing me of not

10    representing him, accusing me of all kinds of problems

11    and for the record, the last time I ever got paid on

12    anything, your Honor, was February of 1985. Now, Mr.

13    Scott's response was, "I have no money. How can I pay

14    you if I don't have any money?"

15        Believe me when I tell you that from February

16    of 1985 until the present time, I have put in an enormous

17    amount of hours on this particular matter, both phone

18    calls and negotiations and with the State, talking with

19    Mr. Scott, talking with other attorneys, talking with the

20    police department, talking with the prosecutor's office,

21    preparing motions to remand, conducting preliminary

22    examinations, getting additional discovery and whatever,

23    just a lot of time.

24        THE COURT: And if I were to ask you on this

25    record the color of the appearance you filed, only a few

Approved, SCAO

*Port mark 4/13/94*    *Received 4/14/94*

| 44th STATE OF MICHIGAN JUDICIAL CIRCUIT JUDICIAL DISTRICT COUNTY PROBATE COURT | ORDER OF DISQUALIFICATION | CASE NO. 93-12675 CZ |

Court name and address
210 S. Highlander Way, Howell, Michigan  48843          Court telephone no. 517-548-1120

| Plaintiff name(s) and address(es) | | Defendant name(s) and address(es) |
| David J. Scott | v | Livingston County Sheriff Dept. and Dennis DeBurton |

| Plaintiff's attorney, bar no., address, and telephone no. | Defendant's attorney, bar no., address, and telephone no. |
| In Pro Per | David N. Morrell, Jr. Cohl, Stoker & Toskey, P.C. 601 North Capitol Lansing, MI.  48933 |

**IT IS ORDERED:**

Judge _____ Daniel A. Burress _____ TRUE COPY _____ on motion of

himself _____, is disqualified from hearing this case for the following reason,

pursuant to MCR 2.003:

- ☐ a. Interested as a party.
- ☐ b. Personally biased or prejudiced for or against a party or attorney.
- ☐ c. Consulted or employed as an attorney in the matter in controversy.
- ☐ d. Was a partner of a party, attorney for a party, or a member of a law firm representing a party within the preceding two years.
- ☐ e. Related within the third degree (civil law) of consanguinity or affinity to a person acting as an attorney or within the sixth degree (civil law) to a party.
- ☐ f. The judge's spouse or minor child owns a stock, bond, security, or other legal or equitable interest in a corporation which is a party, unless specifically excepted by MCR 2.003(B)(6)(a)(b) or (c).
- ☒ g. Other: (specify)   To avoid any inappropriate appearances.

*Mar/28/94*                          *Daniel A. Burress*
Date                                 Judge    Daniel A. Burress    Bar no.

**INTERNAL REASSIGNMENT REQUEST**

Judge _____ has been chosen by lot from the judges not
      Name                          Bar no.

disqualified in this case. I request that this case be reassigned to this judge.

_____          _____
Date                            Court Administrator or Clerk of the Court

Reassignment approved as requested.

_____          _____
Date                            Chief Judge                    Bar no.

IF **ALL** JUDGES OF THIS COURT ARE DISQUALIFIED -- SEE REVERSE SIDE
FOR REASSIGNMENT TO A JUDGE OF ANOTHER COURT
(E2113)

MC 284  (4/87)   ORDER OF DISQUALIFICATION                *EXHIBIT- 2*

*Time Stamp mark 7/28/97*
*Post mark 7/24/97*

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

DAVID J. SCOTT, #191939,                    File No. 96-15264-NM

              Plaintiff,

                                    HON. William E. Collette
                                    Visiting Circuit Judge

v

                                    ORDER

FREDERICK A. NEUMARK AND
BARBERA LAVINE,

              Defendants.

At a session of said Court held
in the City of Lansing, County
of Ingham, State of Michigan, this
___31__ day of _July_____, 1997.

    PRESENT:  HONORABLE WILLIAM E. COLLETTE, Circuit Judge

    This matter having come before the Court on Plaintiff's
Civil Complaint Filed on June 28th, 1996.

    Having reviewed the Plaintiff's Complaint and denying
Plaintiff's Motion for Alternate Service on March 31st, 1997, this
Court rules that pursuant to MCR 2.102(D) Plaintiff's Complaint be
dismissed without prejudice for the reasons that proper service has
not been performed, the summons has expired, and the Plaintiff has
failed to communicate good cause why proper service has not been
performed.

    THEREFORE IT IS HEREBY ORDERED, that case number 96-15264-NM
be DISMISSED WITHOUT PREJUDICE pursuant to MCR 2.101(D) and MCR
2.101(E) for the reasons that the Summons has expired and the
Defendants have not been properly served.

    IT IS FURTHER ORDERED that Plaintiff is barred from filing any
future law suits in any Michigan Circuit Court or any Michigan

*EXHIBIT-3*

*A d-1*  M

Court of Claims without first seeking and obtaining permission from Chief Circuit Judge and Court of Claims Judge Peter D. Houk.  This is due to Plaintiff's repeated and consistent filing of frivolous suits which have been transferred to this Court from the Livingston County Circuit Court.

William E. Collette
Circuit Judge

A TRUE COPY
CLERK OF THE COURT
30th JUDICIAL CIRCUIT COURT

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

DAVID J. SCOTT, #191939,

               Plaintiff,

v

FREDERICK A. NEUMARK AND
BARBERA LAVINE,

               Defendants.

File No. 96-15264-NM

HON. William E. Collette
Visiting Circuit Judge

ORDER

At a session of said Court held
in the City of Lansing, County
of Ingham, State of Michigan, this
_14th_ day of _Aug_____, 1997.

PRESENT: HONORABLE WILLIAM E. COLLETTE, Circuit Judge

This matter having come before the Court on Plaintiff's Motion for Reconsideration.

This Court, after discovering a clerical error in not returning Plaintiff's Complaint and Summons when Plaintiff's Motion for Alternate Service was denied on March 31st, 1997, orders this motion be GRANTED.

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration be GRANTED pursuant to MCR 6.504.

IT IS FURTHER ORDERED that the Court's Order dated July 23rd, 1997, is VACATED and this case is re-opened and proceed as prescribed by law.

IT IS FURTHER ORDERED that the Livingston County Clerk's Office issue a new Summons in this matter.

William E. Collette
Circuit Judge

A TRUE COPY
CLERK OF THE COURT
30th JUDICIAL CIRCUIT COURT

A A-6