UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT,

    Plaintiff,                        Civil Action No. 2:09-10916

v.                                  HONORABLE GERALD E. ROSEN
                                      CHIEF UNITED STATES DISTRICT JUDGE

DANIEL BURRESS, et. al.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

The Court has before it Plaintiff David J. Scott's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a prisoner currently confined at the Livingston County Jail in Howell, Michigan. Having reviewed plaintiff's complaint, the Court dismisses it with prejudice for being duplicative of a previously filed civil rights complaint.

### II. STANDARD OF REVIEW

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995). A *pro se* civil rights complaint is to be construed liberally. *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994). Pursuant to 28 U.S.C. 1915(e)(2)(B) and §

1

1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III. COMPLAINT

Plaintiff's complaint is semi-legible and difficult to read.  However, it appears from the complaint that plaintiff previously filed a prisoner civil rights lawsuit in the Western District of Michigan, during which he subpoenaed defendant Judge Burress, the Livingston County Circuit Court judge who had sentenced plaintiff to prison for delivery or manufacture of less than 50 grams of cocaine. [1]  Plaintiff alleges that former Judge Burress and the other defendants conspired and retaliated against him for issuing the subpoena against Burress by attempting to prevent his parole by alleging that plaintiff intended to kill Defendants Lavan and Judge Burress.

Plaintiff has previously filed an identical lawsuit against these defendants, which was dismissed by Judge Arthur J. Tarnow. *See Scott v. Burress, et. al.,* U.S.D.C. No. 06-13916 (E.D. Mich. March 14, 2009). [2]

---

[1] The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

[2]  This Court obtained this information from the docket sheet for the United States District Court for the Eastern District of Michigan.  Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).  A district court is permitted to take judicial notice of its own files and records in a prisoner civil rights case. *See e.g. Mangiafico v. Blumenthal,* 358 F. Supp. 2d 6, 9-10 (D. Conn. 2005) .

## IV.  DISCUSSION

Plaintiff's complaint is frivolous and subject to dismissal, because it is duplicative of his previously dismissed civil rights complaint. *See McWilliams v. State of Colo.,* 121 F.3d 573, 575 (10th Cir. 1997).  Repetitious litigation of virtually identical causes of action may be dismissed under the *in forma pauperis* statute as frivolous or malicious. *Id.; See also English v. Runda,* 875 F.2d 863 (Table); 1989 WL 51408, * 1 (6th Cir. May 18, 1989).

## V.  CONCLUSION

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for being duplicative of plaintiff's previously filed lawsuit, pursuant to 28 U.S.C. § 1915(e)(2)(B).  Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Gerald E. Rosen  
Chief Judge, United States District Court

Dated:  March 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2009, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager