UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT,

    Plaintiff,                        Civil Action No. 2:09-10916

v.                                      HONORABLE GERALD E. ROSEN
                                              CHIEF UNITED STATES DISTRICT JUDGE

DANIEL BURRESS, et. al.,

    Defendants,
_____/

## OPINION AND ORDER DENYING THE MOTIONS FOR PRELIMINARY INJUNCTION, TO FILE MOTIONS IN PENCIL, AND FOR RECONSIDERATION

On March 31, 2009, this Court summarily dismissed plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983, on the ground that it was duplicative of a previously filed civil rights complaint that had been dismissed by Judge Arthur J. Tarnow. *See Scott v. Burress,* No. 2009 WL 891695 (E.D. Mich. March 31, 2009)(citing *Scott v. Burress, et. al.,* U.S.D.C. No. 06-13916 (E.D. Mich. March 14, 2009). Plaintiff has now filed motions for a preliminary injunction, for permission to file his motions in pencil, and for reconsideration of the Court's prior order of dismissal. For the reasons that follow, the motions are dismissed as being duplicative of plaintiff's motions that are pending before Judge Tarnow in plaintiff's prior lawsuit.

In his motion for reconsideration, plaintiff claims that he filed his complaint before this Court because Judge Tarnow had dismissed his prior civil rights complaint without prejudice due to the fact that plaintiff failed to maintain a mailing address. Plaintiff claims that Judge Tarnow's order of dismissal left him free to re-file his complaint, because Judge Tarnow had dismissed the complaint without prejudice. Plaintiff asks this Court to permit him to reopen his complaint. In his motion for a preliminary

injunction, plaintiff seeks injunctive relief against the defendants.

Plaintiff, however, has filed a motion to reinstate his complaint and an emergency motion for TRO and/or preliminary injunction in his previous case before Judge Tarnow. Plaintiff also filed a motion for permission to file his motions in pencil.  On April 10, 2009, Judge Tarnow granted plaintiff's motion to file his motions in pencil and ordered the defendants to respond to plaintiff's motion to reinstate the complaint by April 27, 2009.  On April 20, 2009, Judge Tarnow referred the matter to Magistrate Judge Virginia M. Morgan for a report and recommendation on plaintiff's motion to reinstate his complaint, his motion for injunctive relief, as well as a motion for clerical assistance. [1]

Plaintiff's motions are subject to dismissal, because they are duplicative of his motions that are pending before Judge Tarnow in his previously dismissed civil rights complaint. *See e.g. McWilliams v. State of Colo.,* 121 F.3d 573, 575 (10th Cir. 1997); *See also English v. Runda,* 875 F.2d 863 (Table); 1989 WL 51408, * 1 (6th Cir. May 18, 1989).  Moreover, plaintiff's request to reopen this case may be rendered moot by any decision by Judge Tarnow to reopen his prior civil rights action.

### ORDER

Accordingly, it is **ORDERED** that plaintiff's motion for preliminary injunction, for permission to file his motions in pencil, and his motion for reconsideration are **DISMISSED WITH PREJUDICE** for being duplicative of plaintiff's motions that are pending before Judge Tarnow in his previously filed lawsuit.

---

[1] *See Scott v. Burress, et. al.,* U.S.D.C. 06-CV-13916 (E.D. Mich.)(Tarnow, J.), Dkt. Entries # 73, 76.  A district court is permitted to take judicial notice of its own files and records in a prisoner civil rights case. *See e.g. Mangiafico v. Blumenthal,* 358 F. Supp. 2d 6, 9-10 (D. Conn. 2005) .

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: April 28, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager